Nott, J.,
delivered the opinion of the court:
This action is founded upon a contract for the'sale and delivery, at Fort Abraham Lincoln, Dak., of 7,000 cords of wood. Some of the wood was delivered and paid for; some was tendered at the fort, but was not accepted because not needed; some remained in the woods where it was cut and was a total loss. No question arises as to the construction of the contract, and hardly a question as to the liability of the defendants.
There was clearly a breach of the contract by the defendants refusing to accept the wood tendered to them; and we must assume that the post quartermaster correctly and truly, in his testimony, sets forth the reason for the breach, viz, that by reason of a change of troops the wood was not needed at the fort.
It is objected by the defendants’ counsel that the claimant’s subcontractor, for complicity in a crime of his, the subcontract- or’s agent or employé, abandoned the contract about the same time. But this so-called abandonment must have been subsequent to the breach. After the breach had been committed by the defendants refusing to accept the wood tendered, the contractor was not bound to further performance, and was at liberty to abandon the contract and dispose of the wood on hand as best he could.
The defendants have also attempted to reduce the damages by endeavoring to show that the wood cut and piled in the woods was worth $2 per cord there, and that the cost of hauling it to the fort would have been $1.50 per cord. This computation would make the value of the wood, when delivered at the fort, $3.50 per cord, whereas the contract price for it there was only $2.60 per cord. As the value of wood there had not increased after the making of the contract, it is manifest that this com *465 putation proves too mucli. The claimant did not own tbe standing- wood, which was on the public domain, and his contract was in reality, though not in form, a contract for work and service. We are satisfied that he suffered a heavy loss by the refusal of the government officers to allow him to deliver that which he had cut, and we think the amount found will not more than cover his actual loss.
■The judgment of the court is that the claimant recover of the defendants the sum of $3,711.38.